No. 12,900.

HENRY *v.* ETHEL RUTH STROBEL.

No. 12,901.

HENRY *v.* ROSE J. STROBEL.
(31 P. [2d] 319)

Decided March 19, 1934.

Messrs. LEE, SHAW & McCREERY, for plaintiff in error.

Mr. MILNOR E. GLEAVES, for defendants in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE plaintiff in error, Henry, was defendant in two cases wherein the Denver district court rendered two judgments for damages arising out of the same automobile accident, the plaintiff in each case being in Henry's car as a guest. The two cases were consolidated for trial below and are here with a single consolidated record and abstract of the record, and have been argued in a single set of briefs. We are asked to reverse both judgments.

Late on the night of January 26, 1929, Henry was returning in his car from Colorado Springs to Denver. Acceding to the request of a friend, he took with him as passengers Rose J. Strobel, defendant in error in Case No. 12,901, and her daughter, Ethel Ruth Strobel, defendant in error in Case No. 12,900, the latter then a minor. On a curve in the highway about five miles south of Littleton, the left front tire suddenly deflated. The car swerved to the left beyond control. It passed over a ditch that was alongside the road, and after going over some rough ground it struck and broke a telephone pole, stopping about a hundred feet from the highway. Mrs. Strobel, riding in the front seat, received cuts and bruises; the daughter, who was sitting in the back seat, suffered various cuts, including a severe laceration of the left eye, greatly impairing the vision.

The complaint in each case alleged: "That * * * plaintiff was riding in the * * * automobile owned, under the

control, and being driven and operated rapidly, at a speed unknown to plaintiff, by defendant northward on the paved highway * * *; that the tires on the wheels of said automobile * * * and particularly the front left wheel tire were old, worn, greatly weakened and rotten and unfit for use which was well known to defendant and unknown to plaintiff; that at said time and place, due to its condition aforesaid the said front left tire gave out, blew out, burst and exploded, whereby defendant lost control of said automobile which suddenly and violently swerved to the left across said highway and crashed into a ditch and large pole on the left side of the pavement and was demolished.'' The answers denied the alleged negligence. No contributory negligence was pleaded. The actions were commenced before the enactment of chapter 118 of Session Laws, 1931.

A jury was waived. The court received the evidence and awarded damages to the daughter in the sum of $2,750, and to the mother in the sum of $750. It also made special findings to the effect that Henry ''had knowledge of the defective condition of this particular tire,'' and that he ''did not use reasonable care of a reasonably prudent person in running the tire under the condition which the court finds existed from the evidence,'' and that he ''did not use reasonable care of a reasonably prudent person in the speed in which he was driving the car on this particular occasion,'' and that he was driving over 35 miles an hour.

The point relied upon here is that the judgments ''are not supported by the evidence and are contrary to law.'' Indeed, it is contended that this point is manifest from the findings, in view of the alleged absence of any proof ''that there were any apparent defects'' in the tire that deflated, ''or that defendant had any reason whatsoever to believe that there were any [defects], latent or otherwise.'' Mrs. Strobel testified that immediately after the accident she asked Henry what happened, ''and he said it was one of those things, that a

tire blew out, it was worn out and no good, and he intended to get a new one, it had gone over twenty thousand miles, and was over two years old, he had intended to get a new one for some time, but had neglected to.'' This evidence, if credited, would easily support the inference that Henry was guilty of negligence on the theory advanced by plaintiffs' counsel. It is also said that there is no evidence that the car was driven at more than 35 miles an hour. Mrs. Strobel testified: ''I am sure we were going between 45 and 50 miles an hour.''

■ It is further contended that there is a variance between this part of the findings and the above quoted negligence allegations of the complaint, and a variance between the complaint and the part of the findings which is said to impute negligence in the operation of the automobile by driving at an excessive rate of speed. The argument is that the complaint bases its cause of action wholly upon an allegedly unfit condition of the tire and Henry's knowledge thereof, without charging negligent operation. We differ with counsel. The complaint, though like many complaints it could probably be improved in its language, is sufficient to embrace the manner of operation as well as knowledge of the tire condition complained of. In the kind of accident here involved, there is bound to be a mutual interaction of the two factors.

As for counsel's charging that the findings are conjectural and speculative, we do not find them so. On every material element of the case there is sufficient competent evidence to support the findings and the judgments.

[3] No argument is grounded upon the admission or rejection of evidence except as it might bear upon the above stated contentions. There is special mention, it is true, of certain testimony of witnesses called by the plaintiffs as tire or automobile experts; but we do not find that the admission of it was prejudicial, even if it were erroneous, as to which we need not decide.

There is not the slightest suggestion that either judgment is excessive. Essentially this was a case where it was incumbent upon the judge, before whom the case was tried without a jury, to do his best in the way of analyzing and interpreting the evidence and of applying correct legal principles. No prejudicial error is revealed by the result.

Judgments affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.